ESTATE OF JAMES McGINN, DECEASED.

[No. 7054; decided May 21, 1889.]

**Costs and Counsel Fees.**—Code of Civil Procedure, Section 1021, discriminates between counsel fees and costs.

**Words and Phrases.**—In Defining Words and Phrases, Code of Civil Procedure, section 16, means words are construed according to the text (here of the statute) and the approved usage of the language.

**Costs—Whether Include Counsel Fees.**—The probate statutes in speaking of costs mean simply the costs of the court, the expenses incidental to the proceedings in the case, apart from counsel fees.

**Will Contest—Costs and Counsel Fees.**—Counsel fees in a will contest have no proper place in a bill of costs, and may be stricken out on motion.

As will appear from the opinion, the question before the court was whether an attorney fee could be taxed as costs by the successful contestants to a will after original probate. It was contended that section 1332, Code of Civil Procedure, sanctioned such an expense as costs because the first sentence of the section providing for the case of an unsuccessful contest used the words "fees and expenses" simply, although the second sentence, as to a successful contest, used the single word "costs." But the court granted the motion to strike from the cost bill the item of counsel fee.

P. Reddy, for motion.

J. L. Crittenden, contra.

COFFEY, J. In section 1021, Code of Civil Procedure, the distinction is drawn between counsel fees and costs. "The measure and mode of compensation of attorneys and counselors at law is left to the agreement, expressed or implied, of the parties; the parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided." That clearly discriminates between what is meant by costs and what is meant by counsel fees.

Section 16, which defines words and phrases, reads: "Words and phrases are construed according to the context and the approved usage of the language; but technical words and phrases, and such others as have acquired a peculiar and ap-

propriate meaning in law, or are defined in the succeeding sections, are to be construed according to such peculiar and appropriate meaning or definition.'' It means that words and phrases are construed according to the text and the approved usage of the language.

Section 1332 reads: ''Costs and expenses, by whom paid.'' ''The fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate, is confirmed.'' That is the first sentence; the second sentence reads: ''If the probate is revoked, the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the Court directs.''

The word ''costs'' has a well defined meaning.

Mr. Crittenden.—We claim it means fees and expenses.

The Court.—Yes, sir, I understand. That is just what I am coming to. Words and phrases are construed according to the text. What is the text? ''The fees and expenses must be paid by the party contesting the validity or the probate of the will, if the will in probate is confirmed.'' Why does the very next sentence use a different and a single word? ''If the probate is revoked, the costs—'' Why not repeat the words, ''fees and expenses''? Why put in there another, a different word? I really do not think that the legislature meant anything more by ''fees and expenses'' than costs— that there should be some intention to restrict the charge upon the estate in case the will should be revoked after having been once probated; that it should be restricted to costs. The preceding section and all the sections of the statute, so far as I have examined them, which speak of costs mean simply the costs of the court, the expenses incidental to the proceedings in the case, apart from the counsel fees; and the section which remits the costs of contests in will cases to the category of civil actions shows that the principle maintained in such cases should govern this; and, therefore, as no counsel fees are allowed in any civil action, none should be allowed to be paid in the case of a contest; and if there be any distinction or discrimination in favor of the executors, it is dependent upon the precise letter of the statute which gives to the court expressly the right to award to the executor

or administrator reasonable counsel fees. Section 1718 gives to the court the discretion to award a counsel fee for an appointed attorney, to be paid out of the estate primarily, and ultimately to be charged against the interest represented by the appointee.

Therefore, I do not think the counsel fee has any proper place in a bill of costs, and the motion to strike it out is granted.